■ In the Matter of KATHLEEN ALEXANDER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [847 NYS2d 486]—

Per Curiam. Respondent was admitted to practice by this Court in 1989. She resides in Massachusetts.

By order entered September 5, 2007, the Massachusetts Supreme Judicial Court suspended respondent from the practice of law for a period of two years. That court found respondent guilty of professional misconduct for, among other things, intentionally obstructing and delaying the rightful reinstatement of a police officer, in her capacity as the city solicitor for the City of Pittsfield, Massachusetts, after the officer had filed a race discrimination lawsuit against the city (*see generally Powell v City of Pittsfield*, 221 F Supp 2d 119 [2002], *affd sub nom. Powell v Alexander*, 391 F3d 1 [2004]).

Petitioner moves for an order imposing reciprocal discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent has submitted a responsive affidavit which does not establish any of the available defenses to reciprocal discipline (*see* 22 NYCRR 806.19 [d]) and we therefore grant petitioner's motion.

We further conclude that, in the interest of justice, the same measure of discipline should be imposed by this Court as was imposed by the Massachusetts Supreme Judicial Court, namely a suspension from practice for a period of two years.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is reciprocally suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).